This case is before the court on defendant’s motion for summary judgment and plaintiffs opposition thereto. After careful consideration of the parties’ submissions and without oral argument, we grant the defendant’s motion.
Plaintiff has served in the United States Army since 1968. During the years he served he was promoted to Captain. On April 19,1979, and April 10,1980, plaintiff was considered for promotion to the permanent grade of Major, Regular Army, but was not selected. As a result, pursuant to 10 U.S.C. § 3303 (1976) the Army initiated action to involuntarily discharge plaintiff from active duty. Plaintiff *858 chose to resign his commission and accept an appointment as a warrant officer so that he could remain on active duty.
On October 24, 1979, plaintiff filed an application for correction of his military records with the Army Board for Correction of Military Records (abcmr). He sought the removal from his official records of an Officer Efficiency Report (oer) covering the period November 19, 1968, to November 18, 1969, on the basis that the wrong rating and indorsing officials had evaluated him. Plaintiff also requested that his OERs covering the period January 16, 1968, through May 27, 1968, and May 28, 1968, through November 18, 1968, be supplemented with additional comments from his former rating and indorsing officers. Lastly, plaintiff requested that he be considered for retroactive promotion to the grade of Major. On March 5, 1980, the abcmr denied plaintiffs request without a formal hearing. Plaintiff requested a reconsideration but was again denied relief from the Board on November 26, 1980. Plaintiff filed a petition in this court on October 10,1980.
Summary judgment is governed by Rule 101 of this court. Rule 101(f) states in pertinent part:
* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.
Plaintiff in his brief opposing summary judgment has not, as required, set forth specific facts showing that there is a genuine issue of fact in dispute. He has instead rested upon the allegations of his pleadings. Our review of this case is therefore limited to those documents submitted by the defendant, in this case the administrative record.
Our standard of review of Correction Board decisions is a limited one. In Sanders v. United States, 219 Ct. Cl. 285, 298, 594 F. 2d 804, 811 (1979), we said:
* * * Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board’s determination unless he can meet the difficult standard *859 of proof that the Correction Board’s decision was illegal because it was arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, and money is due. * * *
A review of the administrative record does not demonstrate that the abcmr’s decision was in any way arbitrary or capricious. Its decision was based upon the finding that the evidence submitted by the plaintiff was insufficient to substantiate his claims. Although he claimed the wrong officers acted as rater and indorser on his November 1968 through November 1969 OER, the evidence plaintiff submitted did not support this allegation. Plaintiff merely showed that his predecessor had been rated by a different officer, not that it was contrary to regulations that plaintiff was rated by a different officer. The indorser said in his affidavit that although he was only on duty at the same base with plaintiff from July 1969, he was the "only available knowledgeable officer to act as indorser.” Lastly, plaintiffs desire to supplement the other oer’s in question was found to be against Army Regulation 623-105, ¶ 5-31 (1979), which states in pertinent part:
* * * The following are not bases for altering or withdrawing a report and will not be included in the OMPF:
(1) Statements from rating officials that they underestimated the rated officer.
(2) Statements from rating officials that they did not intend to rate him as they did.
(3) Requests that ratings be revised.
* * * * *
Thus, viewing the evidence in the light most favorable to plaintiff, there is no evidence that the decision of the ABCMR was arbitrary or capricious. No issues of material fact appear to be in dispute. We therefore find it appropriate to grant summary judgment in defendant’s favor.
it is therefore ordered that defendant’s motion for summary judgment be and is hereby allowed. The petition is hereby dismissed.